IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>v.<br><br>**JAIME TORRES-SANTELL**<br>Defendant. | CRIMINAL NO. 16-799 (ADC) |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America, by and through its undersigned counsel and respectfully opposes Defendant's motion to compel discovery. As grounds for this opposition, the government states the following:

Defendant, Jaime Torres-Santell ("Defendant" or "Torres") stands charged in a one count indictment for violations of 18 U.S.C. 922(g)(1). On May 11, 2017 Defendant filed a Motion To Compel Discovery from the Government. The long list of documents requested include search and arrest warrants, information regarding a confidential tip, PRPD manuals, complaint cards, PRPD agent's notes; reports; logs and work plans. The asserted basis for Defendant's request is Federal Rule of Criminal Procedure (FRCP)16(a)(E)(i-iii) because Defendant believes the information is "material" to his defense as it will "shed light on the circumstances surrounding [the arrest] and the reliability of the anonymous tip that served as basis for the stop." Nonetheless, the items requested are not discoverable under Rule 16 (a)(E)(i-iii). The documents requested don't seem to be directed to prepare a defense in response to the Government's case in chief for trial,

*See United States v. Armstrong*, 517 U.S. 456, 462 (1996)[1] as the Government has not designated them as evidence nor they belong to the Defendant or were obtained from him.

Defendant claims that his efforts to obtain these items from the Government have been unsuccessful and pursuant to FRCP 16(a)(1)(E); *Brady v. Maryland,* 373 U.S. 83, (1963)*, Kyles v. Whitley,* 514 U.S. 419, (1995) *and Giglio v. United States,* 405 U.S. 150, 154, (1972) he is entitled to them and requests the aforementioned Court Order.

The Government has more than fulfilled its discovery obligations and has provided items not covered in FRCP 16, *Giglio, Brady* or *Kyles* such as ROIs, PRPD agents names, pictures, work plans and PRPD reports. Defendant's requests, however, are overly broad as they seek items not relevant to this case, or that can be obtained by due diligence. Therefore, Defendant's motion to compel should be denied.

Defendant seeks a court order so the Government provides:

1. Search warrant referenced in the HSI operation plan;

2. Arrests warrants referenced in the HSI operation plan;

Torres was arrested on December 15, 2016 as the result of an anonymous tip who identified him as the spotter of a drug trafficking organization ("DTO") that Homeland Security Investigations ("HSI") agents along with PRPD officers were going to arrest that day pursuant to a work plan. The tipster identified the place the spotter could be found, the gender, the car and the fact that the spotter communicated with the organization if police was in the area.

Torres was not arrested pursuant to an arrest warrant or execution of a search warrant included in the HSI work plan and was not included in the Indictment, which is accessible via

---

[1] The Supreme Court held in Armstrong that Rule 16(a)(1)(C) (Rule 16(a)(1)(E)'s predecessor) could not be used to obtain evidence for a selective prosecution claim; it reasoned that, in the context of Rule 16, the meaning of "defense" is limited to "an argument in response to the Government's *case in chief*." 517 U.S. at 462 (emphasis added).

ECF. The Government, upon counsel's request, provided the HSI's work plan for the arrests of the DTO members that took place the same day as Defendant, as the tipster identified him as a look out for the organization. The Government also provided the Indictment number and the prosecutor's name in charge of said case. Therefore, the search and arrest warrants requested in items 1 and 2 are not relevant to this case as the Defendant was not identified as a member of the DTO in the HSI work plan. The Government is not required to disclose neutral, irrelevant, speculative or inculpatory evidence. *Wood v. Bartholomew,* 516 U.S. 1, 6 (1995). Since Defendant was identified by an independent source, no documents regarding the arrest of the DTO organization are relevant to Defendant's arrest and should not be disclosed.

Torres also requests the Government to provide:

3. Information regarding the alleged anonymous tip received by PRPD (when and manner in which tip was received).
4. PRPD Confidential Call Policy and Procedure Manual;
5. PPR-598: General Complaint Report;
6. Daily Incident Report;
7. PPR-84 Complaint Card
8. Notes regarding the anonymous tip
9. PPR785: Confidential Phone Call Report
10. PPR 126: search warrant
11. Logs of seized items during search warrant,

Information regarding the anonymous tip and circumstances of the arrest were tendered. Defendant was provided with two reports of investigations from HSI concerning his case that detailed the circumstances of his arrest and the receipt of a confidential tip as well of PRPD reports

about the arrest. The PRPD reports and the Complaint card (PPR-84) tendered include the names of the police officers involved in his arrest. Furthermore, the ROI concerning the confidential tip expressly said the name of the agent who received the tip, that an anonymous person revealed the information to him and that a report was not furnished. Therefore, there are no reports of confidential calls or complaints to provide[2]. In addition, since the Defendant was not arrested after the execution of a search warrant, one does not exist. The same reasoning applies to the "log of items seized during a search" requested. As to the agent's notes requested, Defendant is not entitled to them at this stage of the proceedings pursuant to FRCP 26.2 and the Jenks Act. Therefore, the items requested at numbers 3-11 of the motion to compel were provided, if the documents exist or Defendant is entitled to them at this stage.

Finally, Defendant's request include:

12. Working plan or Operational Plan

13. PPR-65 Special Complaint Reports

14. PPR239 Daily driver log of any vehicle used in the surveillance, execution of the search and arrest of [defendant].

The defendant does not specifies what working or operational plan he is requesting but, as noted before, the HSI work plan was provided. As to the special complaint reports, since no report was made on the confidential tip, there is nothing to provide to that matter. Finally, the driver logs requested are irrelevant, as the defendant was not arrested following a surveillance or execution of a search or arrest warrant. Furthermore, any other work plan or the driver's log is not discoverable under Rule 16 and can be obtained by the defense with proper investigation. There is no requirement for the Government to disclose evidence available to the defense from other sources,

---

[2] Even though the Government has made efforts to provide defense counsel with the documents requested, that does not eliminates counsel's duty to perform its own investigation. *See, Strickland, infra.*

evidence the defendant already possesses, or evidence that the prosecutor could not reasonably been imputed to have knowledge of or control over. *United States v. Hicks,* 848 F.2d 1, 4 (1st Cir. 1988) (holding that government need not produce statements of witness not called by government even though statements were helpful to defense because "[t]he defense has access to interview the witness to discover exculpatory information").[3]

The Government's responsibility under *Brady and Kyles* is to provide Defendant access to exculpatory information regarding guilt and punishment or under *Giglio* of impeachment value. *United States v. LeRoy*, 687 F.2d 610, 619 (2nd Cir. 1982). It does not create an open book rule. *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986). Therefore, Defendant has to do his due diligence in order to investigate these matters. *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir.) (The government also "bears no responsibility to [disclose] . . . potentially exculpatory evidence that is either known to the defendant or that could be discovered through the exercise of reasonable diligence.") *Brady* is merely a rule of disclosure designed to ensure basic fairness; it is not meant to undermine the adversary system or allow the defense to substitute the government's investigative efforts for its own. *See, United States v. Bagley*, 473 U.S. 667 at 675 and *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). In the present case, Defendant requests are irrelevant and the Government is under no obligation to provide documents unrelated to this case or that do not exist. In addition, should Defendant consider the information provided leads to favorable evidence; it has the means available to obtain the same or pursue such leads through the exercise of reasonable diligence.

**WHEREFORE**, the government respectfully requests that the Court deny Torres' Motion

---

[3] *See also, United States v. Zagari,* 111 F.3d 307, 320 (2nd Cir. 1997) ("*Brady* cannot be violated if the defendants had actual knowledge of the relevant information or if the documents are part of public records and "defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation.")

to Compel Discovery.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23 day of May, 2017.

**ROSA EMILIA RODRIGUEZ**
United States Attorney

s/*Penélope Castellanos-Diloné*
**Penélope Castellanos-Diloné**
Special Assistant United States Attorney
USDC No. G02206
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918
Tel: 787-772-3970
Fax: 787-766-5398
Email: penelope.castellanos@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Penélope Castellanos-Diloné*
**Penélope Castellanos-Diloné**
Special Assistant United States Attorney